(No. 11641.—Decree affirmed.)

JOHN B. LEWIS *et al.* Appellees, *vs.* FRANK M. LEWIS *et al.*—(THOMAS J. LEWIS *et al.* Appellants.)

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. PARTITION—*when cross-bill is properly dismissed as to certain matter without prejudice.* Where a portion of a cross-bill filed in a partition suit seeks relief in regard to a subject matter entirely different from the controversy in regard to the land, it is proper for the court to dismiss the cross-bill, as to such matter, without prejudice to the right of the cross-complainant to take such further action as he sees fit.

2. SAME—*when a deed will not be set aside.* A deed made in pursuance of an agreement for the settlement of a pending suit, which the court had indicated would be decided against the grantor, will not be set aside as having been obtained by fraud where the agreement was entered into by the grantor with full knowledge of the facts, after months of negotiation and after consultation with his attorneys, and where there is no specific charge of fraud or evidence thereof, and no proof that any fact was concealed from the grantor or any misrepresentation made to him.

APPEAL from the Circuit Court of DuPage county; the Hon. DUANE J. CARNES, Judge, presiding.

JOSEPH P. MAHONEY, (J. KENTNER ELLIOTT, of counsel,) for appellants.

GEORGE W. THOMA, S. L. RATHJE, WILLIAM N. BRADY, and MOSS & SCHMIDT, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

John B. Lewis filed a bill in the circuit court of DuPage county against Frank M. Lewis and others for the partition of certain real estate in that county. Thomas Jefferson Lewis and Morgan J. Lewis, who were made defendants to the bill, having answered it, filed a cross-bill, making all the parties to the original bill and other persons defendants, by which they sought to have a conveyance of the premises to Frank M. Lewis which had been executed by Morgan J. Lewis and Roy Lewis on June 18, 1915, set aside on the ground that its execution by Morgan J. Lewis had been fraudulently procured for a nominal consideration, and to have an accounting of the rents and profits. The cause was referred to a master, who reported the evidence, together with his conclusions of law and fact, and upon a hearing upon the pleadings, the report of the master and exceptions thereto, and upon evidence heard in open court, a decree was rendered dismissing the cross-bill as to William R. Moss without prejudice to any action at law or in equity which Morgan J. Lewis might afterward institute against him as to the matters charged in the cross-bill, dismissing the cross-bill as to the other defendants for want of equity and awarding partition of the premises between John B. Lewis and Frank M. Lewis, as prayed in the original bill. From this decree the complainants in the cross-bill have appealed.

The property involved was a part of the estate of Benjamin M. Lewis, who died on April 24, 1894, leaving a will, by which, as originally executed, he devised all his property to trustees, to hold during the life of his widow and then to distribute among his seven children, of whom Morgan J. Lewis is one. By a codicil the name of Morgan J. Lewis was stricken out of the will and no interest

was left to him in his father's estate. On May 9, 1894, after their father's death, the six brothers and sisters of Morgan J. Lewis who were beneficiaries under his will executed an agreement to convey the lands in controversy to him and to give him the share in his father's estate which he would have received had the codicil to the will not been executed. The widow died in 1899, and thereupon the trustees under the will, in accordance with the agreement of the devisees, conveyed the lands in controversy to Morgan J. Lewis. Morgan J. Lewis thereupon conveyed the same premises to his sister Carrie N. Lewis in trust, to manage the same and pay the net income on the written order of Morgan J. Lewis and upon his death to dispose of the premises as directed by his will, but in case he left no will to distribute it to the persons who would be entitled to it under the laws of Illinois. The trustee was authorized to sell the premises upon the consent of the grantor evidenced by his joining in the deed, but not otherwise. Carrie N. Lewis took possession of the property under this deed, and while she was in possession, on September 24, 1909, Morgan J. Lewis filed a bill against her to set it aside on the ground of fraud in procuring it. The cause was pending until January 19, 1911, when it was settled by the conveyance of the premises by Carrie N. Lewis and Morgan J. Lewis to Roy Lewis on the same trusts upon which Carrie N. Lewis had held them. This deed expressed a part of its consideration to be the execution, at the time of its delivery or before, by Morgan J. Lewis of a will bequeathing and devising to his then living brothers and sisters, share and share alike, all the property which he should die seized or possessed of or entitled to, and his agreement to execute no other will or codicil to change this testamentary disposition of his estate without the consent of all his said brothers and sisters. It further provided that the grantee in any conveyance made by the trustee should not be obliged to take notice of the agreement in regard to a will, but any such conveyance

should be free from any question or consideration as to such testamentary disposition. Roy Lewis took possession of the property under this deed, and on December 11, 1911, Morgan J. Lewis filed a bill against him in the circuit court seeking to set aside this deed also, on the ground of fraud and want of consideration. This bill was pending until December, 1914, when it was brought to a hearing. The chancellor having expressed a view adverse to the complainant, the cause was passed at the request of his counsel and negotiations for a settlement began and continued until June 18, 1915, when the litigation was settled, the bill was dismissed, the property was conveyed to Frank M. Lewis by Morgan J. Lewis and Roy Lewis for $19,000, of which sum $1500 was paid to Roy Lewis for his services as trustee, $2500 to his solicitors for their services rendered to him as trustee, $500 for abstracts of title and $14,500 to Morgan J. Lewis. Of this $14,500, $3000 was paid to Morgan J. Lewis in cash, and notes to the amount of $3500 were delivered to him. For the remaining $8000 a note executed by Frank M. Lewis for that amount, bearing five per cent interest, due five years after date and secured by a mortgage on the premises, was delivered to Royal J. Schmidt, to be held by him so long as Frank M. Lewis should pay to Morgan J. Lewis $80 on the first day of each month, commencing July 1, 1915, and continuing during the life of Morgan J. Lewis. It is the deed of June 18 by Roy Lewis and Morgan J. Lewis to Frank M. Lewis which the cross-bill seeks to set aside. Frank M. Lewis conveyed a half interest in the property to John B. Lewis, his father, on August 27, 1915, and on September 22, 1915, the latter filed his bill for partition.

As to the matter of fraud, the allegations of the cross-bill are that the cross-complainant, Morgan J. Lewis, was fradulently induced to execute such deed while he was in poor health, by and through the false and fraudulent representations of Roy Lewis, Frank M. Lewis and their agents and attorneys that the money to be paid for said premises

would be paid to said cross-complainant, but that he has never received anything but a nominal consideration for said alleged conveyance; that Morgan J. Lewis' attorneys pretended to represent his interests and he placed implicit confidence in them, but for the purpose of depriving the cross-complainant of his interest in the premises they conspired with Frank M. Lewis and Roy Lewis and their attorneys to obtain a deed from Morgan J. Lewis on the representation that he would receive a fair consideration therefor, but that he received practically nothing but a nominal consideration, and if any real consideration passed from Frank M. Lewis the same had been appropriated by the attorneys and Frank M. Lewis and Roy Lewis, and that they refused either to pay anything but a nominal consideration or to account to Morgan J. Lewis for the proceeds of the sale.

Counsel for the appellants in their argument claim that the first deed, that of October 25, 1899, was secured from Morgan J. Lewis by fraudulent means; that the second was secured under circumstances amounting to moral duress; that the proceeds of the sale to Frank M. Lewis were appropriated by the attorneys of Morgan J. Lewis and Roy Lewis by mutual agreement; that the sale of the lands to Frank M. Lewis was in fraud of the reversionary interest of Thomas J. Lewis, one of the appellants; that Frank M. Lewis did not have title to the lands adverse to John B. Lewis, and therefore the latter could not maintain a suit for partition. The last proposition is based upon the fact that Frank M. Lewis had no money to pay for the land and borrowed money of his father for that purpose, and is of no importance. Thomas J. Lewis' claim to a reversionary interest is based upon his testimony and that of two of his sisters that the agreement of the devisees to convey to Morgan J. Lewis was on the condition that the property should come back to them after his death.. The agreement was in writing and contains no such condition, but declares

the intention to be to give Morgan J. Lewis the share in his father's estate he would have received had the codicil not been made. The cross-bill does not charge any fraud or mistake in the execution of this agreement. There is no evidence tending to show either fraud or duress in procuring the execution of the first trust deed or the second trust deed. As to the sale to Frank M. Lewis, the consideration of $19,000 was less than the full value of the lands, but the court had expressed an adverse opinion in regard to the suit which was pending, and the settlement of that suit provided funds for the payment of Morgan J. Lewis' attorneys' fees and expenses in prosecuting that suit and provided him with an annuity of $960 a year for life. The agreement for the settlement of the suit and the sale of the land and the disposition of the proceeds was entered into by him with full knowledge of all the circumstances, after consultation with his attorneys and months of negotiation. There is no evidence of any fact concealed from him or any misrepresentations made to him. The cross-bill makes no specific charge of fraud and the record contains no evidence of it. Morgan J. Lewis appears to have been in bad health most or all of the time after his father's death and sometimes in need of money, but there is no evidence that Carrie N. Lewis, Roy Lewis, Frank M. Lewis or John B. Lewis attempted to take any advantage either of his condition of health or his financial straits.

A considerable part of the appellants' brief is taken up with a discussion of the amount paid to Morgan J. Lewis' solicitors as a part of the settlement of June 18, 1915. That controversy has nothing to do with the suit for the partition of the land. It has no place in this lawsuit. It is an entirely different subject matter from the controversy in regard to the land, and the court properly dismissed the bill as to this controversy without prejudice to any future action which the appellant Morgan J. Lewis may take.

The decree will be affirmed.          *Decree affirmed.*